Decided Oct. 15, 2001.

### Baltazar CORTEZ, Petitioner,

v.

### IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70479.

I & NS No. A70–129–521.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2001 *.

Decided Oct. 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

** This disposition is inappropriate for publication and may not be cited to or by the courts

MEMORANDUM **

Baltazar Cortez, a native and citizen of El Salvador, petitions for review of a final order of deportation issued by the Board of Immigration Appeals ("BIA") denying his applications for asylum and withholding of deportation under the Immigration and Nationality Act ("INA") §§ 208 and 243(h), 8 U.S.C. §§ 1158, 1253(h) and reinstating a period of voluntary departure. The Immigration Judge denied Cortez's applications for asylum and withholding of deportation, and he was granted voluntary departure. Cortez timely appealed the Immigration Judge's decision. Although the BIA overturned the Immigration Judge's adverse credibility determination, it concluded that Cortez demonstrated neither past persecution nor future persecution. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") section 309(c), because Cortez timely filed his petition for review once the BIA mailed its decision to the correct address. We review the BIA decision under the substantial evidence standard, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Cortez argues that his receipt of four anonymous notes advising him to remain silent for his own good and warnings from his friend and former member of the death squads telling him to be careful establish past persecution. This court has defined persecution as an "extreme concept" that includes the " 'infliction of suffering or harm.' " *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998) (citation omitted); *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). Persecution requires

of this circuit except as may be provided by 9th Cir. R. 36–3.

extreme, rather than just offensive, mistreatment. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (explaining that persecution is " 'an extreme concept that does not include every sort of treatment our society regards as offensive' ") (citation omitted). In the few cases where courts have found past persecution based on nothing more than mere threats, the threats were "so menacing as to cause significant actual 'suffering or harm.' " *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (quoting *Sangha*, 103 F.3d at 1487).

Cortez failed to introduce evidence of a direct, specific, menacing threat sufficient to compel a finding of past persecution. Instead, he testified only that he received four anonymous notes in 1986 advising him to remain silent, that a friend who financed the death squads was executed, and that another friend (and former supervisor) cautioned him to be careful. Cortez was unable to identify the source of the notes, but merely surmised that they came from the government. The BIA correctly reasoned that the notes could have come from a number of sources, including the guerillas, desiring Cortez to stay out of harm's way. *See Diaz–Escobar v. INS*, 782 F.2d 1488, 1493 (9th Cir.1986) (alien failed to demonstrate persecution when the source of an anonymous note was "left wholly to speculation").

■ If an asylum applicant does not establish past persecution, he must demonstrate a well-founded fear of future persecution by establishing a genuine fear of persecution and by introducing credible, direct, and specific evidence supporting an objectively reasonable fear of persecution. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (*en banc*); *Ramos–Vasquez v. INS*, 57 F.3d 857, 862 (9th Cir.1995). Cortez relied on the same vague and speculative evidence of the four anonymous threats to support his fear of future persecution.

Moreover, the BIA properly considered that Cortez remained in different parts of El Salvador for five years following the threats, and thus failed to show a country-wide threat of persecution. *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir.1991) ("When determining the objective reasonableness of an alien's claim of well-founded fear of persecution the BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear."); *see also Cuadras v. INS*, 910 F.2d 567, 571 n. 2 (9th Cir.1990) (noting that the possibility of internal relocation may be considered in determining well-founded fear of persecution), *Quintanilla–Ticas v.. INS*, 783 F.2d 955, 957 (9th Cir.1986) ("Even if petitioners would face some danger in their home town ..., deportation to El Salvador does not require petitioners to return to the area of the country where they formerly lived.").

The BIA also properly considered the continued residence of Cortez's wife and children in El Salvador as a factor to be weighed in deciding whether Cortez has a well-founded fear of future persecution. *Cuardas*, 910 F.2d at 571 ("[Alien's] claims are further undercut by the fact that his father and brother have not been harmed, and they apparently still reside unmolested in El Salvador."); *Estrada v. INS*, 775 F.2d 1018, 1021–22 (9th Cir.1985) ("The absence of harassment of an alien's family tends to reduce the probability of persecution.").

Therefore, we conclude that substantial evidence supports the BIA's finding that Cortez failed to establish past persecution or a well-founded fear of future persecution. *See Elias–Zacarias*, 502 U.S. at 481, 112 S.Ct. 812; *Aruta v. INS*, 80 F.3d 1389,

1393 (9th Cir.1996); INA § 106(a)(4), 8 U.S.C. § 1105a(a)(4) (1994).

PETITION DENIED.